23,378-04

May 25, 2016

Via First Class Mail

Raymond Eugene Sanders, 1640442
3060 F.M. 3514
Beaumont, Texas 77705

Abel Acosta, Clerk
Court of Criminal Appeals
P. O. Box 12308
Austin, Texas 78711

Re: Ex Parte Raymond Eugene Sanders
   WR-23,378-03

      Tr. Ct. No. C-213-010737-1152455-a

Dear Mr. Acosta:

Enclosed please find a Petition for Writ of Mandamus for filing in the above-referenced cause.

Sincerely,

This document contains some pages that are of poor quality at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 31 2016

Abel Acosta, Clerk

In The
Court Of Criminal Appeals

In Re
Raymond Eugene Sanders,
Relator,

V.

Honorable Louis Sturns
213th Judicial District Court
Fort Worth, Tarrant County, Texas
Respondent.

Original Proceeding Writ Of Mandamus
213th Judicial District Court
Fort Worth, Tarrant County, Texas
Trial Court Cause No. C-213-010737-1152455-a

Raymond E. Sanders
3060 F. M. 3514
Beaumont, Texas 77705

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 31 2016

Abel Acosta. Clerk

# Identity of Parties And Counsel

1. Raymond Eugene Sanders - Relator
   3060 F.M. 3514
   Beaumont, Texas 77705

2. Honorable Louis Sturns
   213th District Court
   401 W. Belknap
   Fort North, Texas 76196-0217

3. Andréa Jacobs
   Assistant District Attorney
   Tarrant County, Texas
   401 W. Belknap
   Fort North, Texas 76196-0201

i

Table Of Contents

|  | Page(s) |
|---|---|
| Identity of Parties and Counsel | ....i |
| Table of Contents | ...ii |
| Index of Authorities | ...iii |
| Statement of the Case | ...2-3 |
| Statement of Jurisdiction | ...4 |
| Issue Presented | ...4 |
| Statement of Facts | ...4-6 |
| Argument and Authorities | ...6-8 |
| Prayer | ...8 |
| Certification | ...8-9 |
| Verification | ...9 |
| Appendix | |

Index of Authorities

Page(s)

Case

Neveu v. Culver, 105 S.W. 3d 641, 642 (Tex. Crim. App. 2003) ... 6

Statutes

C.C.P. art. 11.07 ... 7

Tex. Gov't. Code § 22.221 ... 4

In The
Court Of Criminal Appeals


In Re
Raymond Eugene Sanders,
Relator,


V.


Honorable Louis Sturns
213th Judicial District Court
Fort Worth, Tarrant County, Texas
Respondent.


Petition For Writ Of Mandamus

To The Honorable Court Of Criminal Appeals:

Comes Now, Raymond Eugene Sanders, Relator in the above-named and entitled cause, and respectfully submits this his Petition For Writ of Mandamus and in further support thereof states the following:

## Statement of The Case

The Relator, Raymond Eugene Sanders ("Relator"), was convicted by a jury of the third degree felony offense of possession of a controlled substance of one gram or more, but less than four grams, namely: cocaine, on April 26, 2010. Relator pled true to the habitual offender notice and the trial court assessed punishment at forty years confinement in the Texas Department of Criminal Justice - Institutional Division.

The Second Court of Appeals affirmed the trial court's judgment on July 7, 2011. See Sanders v. State, No. 02-10-00168-CR, 2011 WL 2651875 (Tex. App. - Fort Worth Jul. 7, 2011, pet. ref'd) (not designated for publication).

The Relator filed an application for a writ of habeas corpus with the convicting court, 213th Judicial District Court.

The State filed its State's Response

To Application For Writ Of Habeas Corpus and State's Proposed Memorandum, Findings of Fact And Conclusions Of Law on April 19, 2016.

The Relator filed his Applicants' First Amendment And Supplement To Application For Writ of Habeas Corpus on April 26, 2016.

On May 9, 2016, the 213th Judicial District Court adopted the State's Memorandum, Findings of Fact and Conclusions of Law as its own and recommended [the] the relief Relator requested should be denied. The 213th Judicial District Court failed to decide whether there are controverted, previously unresolved facts material to the legality of the applicants' confinement as required by C.C.P. art. 11.07 with respect to the controverted, previously unresolved facts as set forth in the applicants' First Amendment And Supplement To Application For Writ of Habeas Corpus. Thus, the Respondent has abused his discretion.

## Jurisdiction

This Honorable Court has jurisdiction over this matter pursuant to Tex. Gov't. Code § 22.221.

## Issue Presented

Whether the Respondent abused his discretion by failing to decide whether there are controverted, previously unresolved facts material to the legality of Relator's confinement.

## Statement of Facts

The Relator filed his Applicant's First Amendment and Supplement To Application For Writ Of Habeas Corpus on April 26, 2016. See Appendix, Exhibit A. The Relator[1] failed to decide whether there are controverted, previously unresolved facts material to the legality of Relator's confinement as required by C.C.P. art. 11.07. Specifically, the Relator alleged in his Applicant's First Amendment and Supplement To

4

Application For Writ of Habeas Corpus that (1) he was denied the effective assistance of counsel at trial where trial counsel failed to file a pre-trial motion to suppress evidence, namely, cocaine, that was illegally obtained when Relator was arrested without probable cause for an alleged traffic violation, (2) he was denied the effective assistance of counsel on direct appeal where appellate counsel failed to raise on appeal a claim of an illegal search and seizure, (3) he was denied the effective assistance of counsel on direct appeal where appellate counsel failed to raise on direct appeal a claim of ineffective assistance of counsel at trial when trial counsel failed to file a pre-trial motion to suppress, and (4) he was denied the effective assistance of counsel on direct appeal where appellate counsel failed to advise Relator that his Petition for Discretionary Review (PDR) had been refused. See Id. at 1-6.

Relator seeks relief in this matter via this petition for writ of mandamus

5

as the Respondent has abused his discretion.

Argument and Authorities

A. Writ of Mandamus

Mandamus relief may be granted if the relator can demonstrate that (1) the act sought to be compelled is purely ministerial and (2) that relator has no other adequate legal remedy. _See_ _Nevew v. Culver_, 105 S.W.3d 641, 642 (Tex. Crim. App. 2003)(_citing_ State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003). The ministerial act requirement has been described:

> as a requirement that the relator have "a clear right to the relief sought" meaning that the relief sought must be "clear and indisputable" such that its merits are "beyond dispute" with "nothing left to the exercise of discretion or judgment."

6

_Id._

Texas Code of Criminal Procedure article 11.07(c) states:

> Within 20 days of the expiration of the time in which the state is allowed to answer, it shall be the duty of the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of the applicants confinement.

_C.C.P. art. 11.07(c)._

Article 11.07(c) imposes a ministerial duty on the Respondent to decide whether the controverted, previously unresolved facts, as set forth in the Applicants First Amendment and Supplement To Application for Writ of Habeas Corpus, are material to the legality of Relators confinement. The Relator has no other adequate legal remedy. The Respondent has abused his discretion. Thus, this petition for writ of

7.

mandamus should be granted.

## Prayer

For these reasons, Relator prays this Honorable Court will grant his petition for writ of mandamus and remand this matter to the 213th Judicial District Court and issue an order instructing the same to decide whether there are controverted, previously unresolved facts material to the legality of the Relator's confinement with respect to the Applicant's First Amendment and Supplement To Application For Writ of Habeas Corpus.

Respectfully submitted,

_____

## Certification

I, Raymond Eugene Sanders, certify that I have reviewed the above and foregoing Petition For Writ of Mandamus and conclude that every factual statement in said petition is supported by

8

competent evidence included in the record.

_Wayne E. Seib_

## Verification

I hereby verify under penalty of perjury pursuant to Tex. Civ. Prac. and Rem. Code § 132.001 to 132.003 that the foregoing statements, and exhibits, are true and correct.

_Wayne E. Seib_

## Certificate of Service

I certify that a true and correct copy of the foregoing instrument was sent via first Class mail on the 25th day of May, 2016 to all known counsel of record and all interested parties.

_Wayne E. Seib_

Footnote:
1. This should read "the 'Respondent' failed"...

9

# Table of Contents

Exhibit A

Verified Cover Page to:

   (i) Sharen Wilson
       Tarrant County District Attorney;

   (ii) Thomas A. Wilder
        Tarrant County District Clerk;

   (iii) Tammy Barnes
         Court Coordinator
         213th District Court
         Tarrant County, Texas; and

Verified Copy of: Applicant's First Amendment
and Supplement To Application For Writ
of Habeas Corpus

April 26, 2016

Via First Class Mail

Raymond Eugene Sanders, 1640442
3860 F. M. 3514
Beaumont, Texas 77705

Sharen Wilson
Tarrant County District Attorney
401 W. Belknap St.
Fort North, Texas 76196-0201
C/O
Andrea Jacolis, Assistant

Re: Ex Parte Raymond Eugene Sanders
C-213-010737-1152455-A

Dear Ms. Jacolis:

Enclosed please find a copy of the Applicants'
First Amendment and Supplement To
Application For Writ of Habeas Corpus
which will be submitted to the judge for
review.

Sincerely,
Waymond E. Sanders

April 26, 2016

Via First Class Mail

Raymond Eugene Sanders, 1640442
3860 F. M. 3514
Beaumont, Texas 77705

Thomas A. Wilder
Tarrant County District Clerk
401 W. Belknap St.
Fort Worth, Texas 76196-0402

Re: Ex Parte Raymond Eugene Sanders
C-213-010734-1152455-A

Dear Mr. Wilder:

Enclosed please find the following document for filing:

1. Applicant's First Amendment And Supplement To Application For Writ of Habeas Corpus

Sincerely,
Raymond E. Sanders

April 26, 2016

Via First Class Mail

Waymond Eugene Sanders, 1840772
3060 F.M. 3514
Beaumont, Texas 77705


Tammy Barnes
Court Coordinator
213th District Court
401 W. Belknap St.
Fort Worth, Texas 76196-0217

Re: Ex Parte Waymond Eugene Sanders
    C-213-010737-1152455-A


Dear Mr. Barnes:

Enclosed please find a copy of Applicant's
First Amendment And Supplement To
Application For Writ of Habeas Corpus.

Please present the same to the court for
consideration on the next available business
day.

Sincerely,
Waymond E. Sanders

No. C-213-010737-1152455-A

Ex Parte                              In The 213th
                                     District Court of
Raymond Eugene Sanders,     Tarrant County, Texas
Applicant.


Applicant's First Amendment And Supplement
To Application For Writ of Habeas Corpus


To The Honorable Judge Of Said Court:


        Comes Now, Raymond Eugene Sanders,
Applicant in the above-numbered and
entitled cause, and files this his Applicant's
First Amendment And Supplement To
Application for Writ of Habeas Corpus
pursuant to Texas Rule of Civil Procedure,
63 and states the following:


I. Applicant's First Amendment And
   Supplement To Application For Writ
   of Habeas Corpus


   a. Ground Six: Ineffective assistance
   of trial counsel pursuant to Tex. Const.
   Art. I, § 10; U.S. Const., 6th Amend.

Facts Supporting Ground Six: Applicant is claiming the denial of effective assistance of counsel at trial where trial counsel failed to file a pre-trial motion to suppress evidence, namely, a controlled substance - cocaine, that was illegally obtained when applicant was arrested without probable cause for an alleged traffic violation. Two uniformed officers, Reese and Green, were informed by narcotics officer Lopez that Applicant committed a traffic violation by failing to signal prior to making a right turn. See Sanders v. Texas, 02-10-00168-CR at 2-3. However, neither patrol officers Reese or Green observed Applicant commit a traffic violation. Id. Officers Reese and Green illegally seized Applicant in violation of Tex. Const. Art. I, § 9; U. S. Const., 4th Amend. and Tex. C.C.P. art. 14.01. Applicant was denied the effective assistance of counsel at trial where trial counsel failed to file a pre-trial motion to suppress evidence obtained in violation of Tex. Const. Art. I, § 9; U. S. Const., 4th Amend. and Tex. C.C.P. art. 14.01. Applicant's conviction should be reversed and remanded for a new trial.

B. Ground Seven: Ineffective assistance of appellate counsel pursuant to Tex. Const. Art. I, § 10; U.S. Const., 6th Amend.

Facts Supporting Ground Seven: Applicant is claiming the denial of effective assistance of counsel on direct appeal where appellate counsel failed to raise on appeal a claim of an illegal search and seizure. Applicant was seized by two uniformed officers, Reese and Green, who were informed by narcotics officer Lopez that Applicant committed a traffic violation by failing to signal prior to making a right turn. See Sanders v. Texas, No. 2-10-80168-CR at 2-3. However, neither patrol officers Reese or Green observed Applicant commit a traffic violation. Id. Officers Reese and Green illegally seized Applicant in violation of the Tex. Const. Art. I, § 9; U.S. Const., 4th Amend. and Tex. C.C.P. art. 14.01. Applicant was denied the effective assistance of counsel on direct appeal where appellate counsel failed to raise on appeal a claim of an illegal search and seizure. Applicant should be granted a new appeal.

3

C. Ground Eight: Ineffective assistance of appellate counsel pursuant to Tex. Const. Art. I, § 10; U. S. Const., 6th Amend.

Facts Supporting Ground Eight: Applicant is claiming the denial of effective assistance of counsel on direct appeal where appellate counsel failed to raise on direct appeal a claim of ineffective assistance of counsel at trial. Trial counsel failed to file a pre-trial motion to suppress evidence, namely, a controlled substance - cocaine, that was illegally obtained when Applicant was seized without probable cause for an alleged traffic violation. Two uniformed officers, Reese and Green, were informed by narcotics officer Lopez that Applicant committed a traffic violation by failing to signal prior to making a right turn. See Sanders v. Texas, 62-10-C0168-CR at 2-3. However, neither patrol officer Reese or Green observed Applicant commit a traffic violation. Id. Officers Reese and Green illegally seized Applicant in violation of Tex. Const. Art. I, § 9, U. S. Const., 4th Amend. and Tex. C.C.P. art. 14.01. Applicant was denied the effective assistance of

counsel on direct appeal. Applicant should be granted a new appeal.

D. Ground Nine: Ineffective assistance of appellate counsel pursuant to Tex. Const. Art I, § 10; U.S. Const., 6th Amend.

Facts Supporting Ground Nine: Applicant is claiming the denial of effective assistance of counsel on direct appeal where appellate counsel failed to notify him of the date his Petition for Discretionary Review (PDR) was refused. Appellate counsel filed a PDR on 10-12-2011. The Court of Criminal Appeals refused the PDR on 11-9-2011. Applicant was not given notice by appellate counsel that his PDR had been refused. Applicant did not learn that his PDR was refused until he received a response from the Court of Criminal Appeals dated 2-10-2015. (See Exhibit D, on file herein). As a result of appellate counsel's failure to notify applicant of the date his PDR was refused, applicant's one-year limitation to present his claim for federal review as governed by 28 U.S.C. § 2254 expired. Applicant was denied

5

the effective assistance of counsel on direct appeal. Applicant should be granted one year to file a federal petition for writ of habeas corpus.

**II. Inmate Declaration**

I, Weyant E. Scott, am the applicant and being currently incarcerated in TDCJ-ID, Stiles Unit, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _April 26_, 2016.

_Weyant E. Scott_

**Certificate of Service**

I certify that a true and correct copy of the foregoing instrument was sent via first class mail to all known counsel of record, district clerk, and clerk of the trial court on the 26th day of April, 2016.

_Weyant E. Scott_

6